IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| LESLIE GRUSSING | ) | |
|    Plaintiff, | ) | |
| | ) | |
| v. | ) | Cause No. 4:15-cv-01333 |
| | ) | |
| ORTHOPEDIC AND SPORTS | ) | |
| MEDICINE, INC., | ) | |
| a Missouri Corporation, | ) | |
| | ) | |
| COREY SOLMAN, JR., M.D. | ) | |
|    Defendants. | ) | |

**COMPLAINT**

**GENERAL ALLEGATIONS**

**PARTIES**

COMES NOW the Plaintiff Leslie Grussing and for her cause of action against Defendants, alleges and states as follows:

1. At all times relevant hereto Plaintiff Leslie Grussing ("Plaintiff") was a resident of the State of Illinois.

2. Defendant Orthopedic and Sports Medicine, Inc., ("Orthopedic and Sports Medicine") is a Missouri corporation with its primary place of business in St. Louis County, Missouri, engaged in the business of providing medical and ancillary services.

3. At all times relevant hereto Defendant Orthopedic and Sports Medicine acted by and through its employees, agents, apparent agents and servants, including but not limited to Corey Solman, Jr., M.D.

4. At all times relevant hereto, Defendant Orthopedic and Sports Medicine held itself out

and otherwise informed the public and more particularly Plaintiff herein, that it had and possessed requisite skill, competence and knowledge, facilities, personnel, equipment and information to properly care for and treat the Plaintiff.

5. Defendant Corey Solman, Jr., M.D., ("Solman ") is, and at all times relevant hereto was, a citizen of Missouri and a physician engaged in the practice of his profession in St. Louis County, Missouri, and duly licensed to practice medicine in the State of Missouri.

6. At all times relevant hereto, Solman held himself out and otherwise informed the public and more particularly Plaintiff herein, that he had and possessed requisite skill, competence and knowledge, facilities, personnel, equipment and information to properly care for and treat Plaintiff.

7. At all times relevant hereto Defendant Solman was a principal, employee, agent, apparent agent and/or servant of Defendant Orthopedic and Sports Medicine.

## JURISDICTION

8. This Court has jurisdiction over this action under 28 U.S.C. §1332(a)(1) because the Plaintiffs and the Defendants are citizens of different states and the amount in controversy exceeds Seventy Five Thousand Dollars ($75,000.00).

9. The events described herein occurred in St. Louis County, Missouri, within the geographic jurisdiction of this Court.

## VENUE

10. Venue is proper in this district under 28 U.S.C. §1391 because all Defendants reside in this District and this State.

11. Further, venue is proper in this district under 28 U.S.C. §1391 because the events or omissions giving rise to this claim occurred in this district.

## OCCURENCES

12. On August 2, 2012, Defendant Solman performed surgery on Plaintiff's right knee, including medical femoral condyle resurfacing and implantation of an arthrosurface component.

13. On March 27, 2014, Defendant Solman, performed additional arthroscopic surgery on Plaintiff's right knee.

14. Subsequent to the March 27, 2014, surgery, Plaintiff presented herself to Defendants Solman and Orthopedic and Sports Medicine for post-surgical care. On multiple occasions, Plaintiff presented with effusion, ecchymosis, swelling, loss of range of motion and pain.

15. On July 18, 2014, Solman aspirated fluid from the knee, but did not have the fluid tested in any way, including for infection.

16. Solman continued to treat Plaintiff through September 19, 2014. Throughout the post-operative period, Plaintiff continued to experience effusion, ecchymosis, swelling, and increasing pain and loss of range of motion.

17. On October 30, 2014, Plaintiff sought a second opinion. Aspiration performed on that date confirmed an infection in the right knee.

18. Plaintiff subsequently underwent a two stage revision of the previously implanted component. She first underwent removal of the previously implanted component and placement of an antibiotic impregnated cement spacer. She then subsequently

underwent surgical revision to a total knee arthroplasty.

## MEDICAL MALPRACTICE

19. At all times relevant herein, it was the duty of Defendant Solman to exercise that degree of skill and care that ordinarily well-qualified orthopedic physicians and surgeons possess and exercise under the same or similar circumstances.

20. Defendant Solman negligently and unskillfully conducted himself and failed to exercise that degree of skill and care that ordinarily well-qualified physicians would exercise in similar circumstances, in that he:

    a. Failed to diagnose infection;

    b. Failed to treat infection;

    c. Failed to order appropriate treatment;

    d. Failed to have fluid aspirated from the knee cultured or otherwise tested;

    e. Failed to order infectious disease consult; and

    f. Failed to timely diagnose or treat the condition subsequent to surgery.

21. Defendant Solman knew, or should have known, that the actions above could or would result in injury to Plaintiff.

22. Defendant Solman's negligence caused or contributed to cause injury to Plaintiff.

23. As a direct and proximate result of the negligence of Defendant Solman, Plaintiff suffered injuries including but not limited to: multiple surgical procedures, total knee replacement, loss of function, pain and other deficits and which caused her to incur medical and other expenses associated with treatment.

24. As a direct and proximate result of the negligence of Defendant Solman, Plaintiff has suffered pecuniary losses including but not limited to medical expenses and lost income.

WHEREFORE, Plaintiff prays for judgment against Defendants Solman and Orthopedic and Sports Medicine, in a monetary amount in excess of Seventy Five Thousand Dollars ($75,000.00) that is fair and reasonable to compensate her for her injuries, together with her costs of court and for such further relief as the Court deems appropriate.

**Law Offices of Todd N. Hendrickson**

*/s/ Todd N. Hendrickson*
Todd N. Hendrickson  #37460
911 Washington Ave., Suite 400
St. Louis, Missouri 63101
(314) 721-8833
(314) 721-4944 fax
todd@hendricksonlaw.com
 Attorney for Plaintiffs