UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LESLIE GRUSSING, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:15-CV-1333 CAS |
| ORTHOPEDIC AND SPORTS MEDICINE, INC., et al., | ) |
| Defendants. | ) |

## ORDER CONCERNING JURISDICTION

This diversity matter is before the Court on review of the file. The Eighth Circuit has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." Sanders v. Clemco Indus., 823 F.2d 214, 216 (8th Cir. 1987). "Federal courts are courts of limited jurisdiction. The requirement that jurisdiction be established as a threshold matter springs from the nature and limits of the judicial power of the United States and is inflexible and without exception." Kessler v. National Enters., Inc., 347 F.3d 1076, 1081 (8th Cir. 2003) (quotation marks and quoted case omitted). Statutes conferring diversity jurisdiction are to be strictly construed, Sheehan v. Gustafson, 967 F.2d 1214, 1215 (8th Cir. 1992), and the burden of proving all jurisdictional facts is on the party asserting jurisdiction, here the plaintiff. See McNutt v. General Motors Acceptance Corp. of Ind., Inc., 298 U.S. 178, 189 (1936). "[T]he court may . . . insist that the jurisdictional facts be established or the case be dismissed[.]" Id.

Plaintiff's complaint asserts that federal jurisdiction exists based on diversity of citizenship. Complaint at 2, ¶ 8. Complete diversity of citizenship between plaintiff and defendants is required by 28 U.S.C. § 1332. Buckley v. Control Data Corp., 923 F.2d 96, 97, n.6 (8th Cir. 1991). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state

where any plaintiff holds citizenship." OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. Sanders v. Clemco Industries, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a).

Plaintiff's complaint alleges that defendant Orthopedic and Sports Medicine, Inc. is a Missouri corporation with its principal place of business in Missouri, and that defendant Corey Solman, Jr. is a citizen of Missouri. Plaintiff alleges that she was at all relevant times a "resident of the State of Illinois." Complaint at 1, ¶ 1. It is well established that an allegation of residence is not the equivalent of an allegation of citizenship, Sanders, 823 F.2d at 216, and does not satisfy the pleading requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Jones v. Hadican, 552 F.2d 249, 251 n.3 (8th Cir. 1977); Pattiz v. Schwartz, 386 F.2d 300, 301 (8th Cir. 1968).

Plaintiff's complaint is procedurally defective because it does not contain sufficient allegations of jurisdictional facts to establish the existence of diversity jurisdiction. Plaintiff will be required to amend her complaint to correct this defect, and will be granted five (5) days to file an amended complaint that alleges facts showing complete diversity of citizenship among the parties. Plaintiff's failure to timely and fully comply with this Order will result in the dismissal of this case without prejudice for lack of subject matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that by **September 1, 2015**, plaintiff shall file an Amended Complaint that alleges facts establishing the citizenship of all parties to this action.

**IT IS FURTHER ORDERED** that if plaintiff does not timely and fully comply with this Order, this matter will be dismissed without prejudice for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that all other proceedings in this case are **STAYED** pending further Order of this Court.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  27th  day of August, 2015.