# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| LESLIE GRUSSING, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:15-CV-1333 CAS |
| | ) | |
| ORTHOPEDIC AND SPORTS MEDICINE, INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter came before the Court for a final pretrial conference on January 19, 2017, in preparation for trial commencing on January 30, 2017. In accordance with the rulings announced from the bench,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to file a third amended complaint is **DENIED** for the following reasons. [Doc. 72]

Where a party seeks leave to amend outside the time established by the Case Management Order ("CMO"), the good cause standard of Rule 16(b), Federal Rules of Civil Procedure, applies. Sherman v. Winco Fireworks, Inc., 532 F.3d 709, 716 (8th Cir. 2008). Plaintiff was therefore required to show cause why she should be granted leave to file an amended complaint eight months beyond the CMO's deadline and eleven days prior to trial. In support of her motion, plaintiff argued that defendants could not be surprised or prejudiced by the proposed amendment because their expert, as well as plaintiff's expert, testified she would need future knee surgery. Plaintiff also argued that the Second Amended Complaint adequately seeks future medical expenses as pleaded.

The primary measure of good cause under Rule 16(b) is the plaintiff's diligence in attempting to meet the CMO's requirements. Sherman, 532 F.3d at 716-717. The Eighth Circuit has instructed that prejudice generally should not be considered if the moving party has not been diligent in meeting the CMO's deadlines, as the focus "in the first instance (and usually solely)" is on the diligence of the party seeking modification. Id. at 717. In Sherman, the Eighth Circuit held the district court erred in permitting the defendant to amend its answer to allege a preemption defense more than seventeen months after the established deadline for amending pleadings, where the defendant was not diligent and had knowledge of the defense long before it sought leave but did not consider the defense before the summary judgment stage of the litigation. The instant case presents a similar situation to Sherman because plaintiff admits she knew from the time of Dr. Solman's deposition that she would need one or more knee replacement surgeries in the future, but took no action to amend her complaint to seek damages for future medical expenses or surgeries until the defendants filed a motion in limine seeking to exclude evidence of future medical expenses. Plaintiff was therefore not diligent in meeting the CMO's deadline or in promptly seeking leave of Court to amend, and the Court finds she does not show good cause to amend.

The Court also finds that the Second Amended Complaint does not allege future medical expenses or the need for additional procedures. It states only that plaintiff "suffered injuries . . . which caused her to incur medical and other expenses associated with treatment," (Doc. 44, ¶ 23), and that as a result of Dr. Solman's negligence plaintiff "suffered pecuniary losses including but not limited to medical expenses and lost income." (Id., ¶ 24). There is nothing in the Second Amended Complaint that arguably refers to future medical expenses or surgeries.

**IT IS FURTHER ORDERED** that, as a result of the foregoing ruling, plaintiff cannot present any testimony or evidence concerning future medical expenses and there will be no line on the verdict form for future medical expenses, but plaintiff may present testimony or evidence that she will have problems with her knee in the future and will need additional procedures.

**IT IS FURTHER ORDERED** that plaintiff's motion in limine No. 1, to exclude any testimony as to what defendants' expert witness Dr. Matava would have personally done had defendant Dr. Solman consulted with him about plaintiff's case, and what defendant or his expert witness have done with other patients they assert are similarly situated, is **GRANTED**. [Doc. 67]

**IT IS FURTHER ORDERED** that plaintiff's motion in limine No. 4, to exclude as inadmissible hearsay any medical references or literature where the witness did not rely on these to form opinions or provide background for their opinions, they were not authored by the witness, or where an inadequate foundation has been laid for their use, is **GRANTED**. However, plaintiff may utilize on cross-examination of defendants' witnesses the medical reference materials those witnesses testified in deposition were reliable sources. [Doc. 67]

**IT IS FURTHER ORDERED** that plaintiff's motion in limine No. 6, to preclude any testimony that defendant Dr. Solman is generally a good physician or a compassionate physician or thorough or competent or caring, or other statements of good character, under Federal Rule of Evidence 404(a), is **GRANTED**. Defendants may argue in closing argument, however, that Dr. Solman did what a good, competent physician would do under the circumstances. [Doc. 67]

**IT IS FURTHER ORDERED** that plaintiff's motion in limine No. 7, to preclude any testimony that plaintiff is trying to "convict" the defendants of malpractice, references to finding the defendants "guilty" of malpractice, or that the effect on defendant Dr. Solman's career, reputation,

privileges, or medical license should be considered, as such language is inflammatory and misleading, is **GRANTED**. [Doc. 67]

**IT IS FURTHER ORDERED** that plaintiff's motion in limine No. 15, to preclude any testimony or exhibits regarding the history or background of defendant Dr. Solman or his witnesses that are not related to their education, experience, or qualifications as medical experts, such as family members, community involvement, charitable organizations or memberships, etc., as irrelevant, immaterial, and impermissible character evidence, is **GRANTED**. Defendants may, however, introduce testimony or evidence that Dr. Solman is or has been a team physician for school athletic teams. [Doc. 67]

**IT IS FURTHER ORDERED** that plaintiff's motion in limine No. 19, to exclude argument or evidence of the personal practice of defendant Dr. Solman and his expert witness Dr. Matava, and specifically any testimony by Dr. Matava as to his recent experiences that are allegedly similar to plaintiff's presentation to defendant Solman, is **GRANTED**. [Doc. 67]

**IT IS FURTHER ORDERED** that plaintiff's motion in limine No. 22, to prohibit any testimony, evidence, argument, comment or inference that defendant Dr. Solman used his "best judgment" or inferring that so doing is merely a mistake in judgment and thus not negligence, is **DENIED**. "An honest error of judgment in making a diagnosis is insufficient to support liability unless that mistake constitutes negligence. Dotson v. Hammerman, 932 S.W.2d 880, 884 (Mo. App. 1996). The patient must first show an incorrect diagnosis and, second, that the incorrect diagnosis was a result of the physician's negligence. Id." Boehm v. Pernoud, 24 S.W.3d 759, 761 (Mo. Ct. App. 2000). [Doc. 67]

**IT IS FURTHER ORDERED** that plaintiff's motion in limine No. 25, to prohibit any testimony or reference to the effect or possible effect of this lawsuit and/or a verdict on defendant

Dr. Solman's professional reputation or standing, and/or defendant's ability to render hospital, medical, nursing and or therapy case in the future, as irrelevant and highly prejudicial, is **GRANTED**. [Doc. 67]

**IT IS FURTHER ORDERED** that defendants' motion in limine No. 3, to preclude plaintiff's expert Dr. Bal from offering any standard of care opinions regarding the conduct of Dr. Solman's physician assistant, Jason Gay, is **GRANTED** as to any standard of care regarding Mr. Gay, but plaintiff may introduce evidence that Dr. Solman should have taken action after reviewing Mr. Gay's records of plaintiff's July 9, 2014 post-surgery visit. [Doc. 61]

**IT IS FURTHER ORDERED** that defendants' motion in limine No. 4, to preclude plaintiff from offering any evidence of future medical expenses as it is beyond the scope of damages pled in plaintiff's Second Amended Complaint, is **GRANTED**. [Doc. 61]

**IT IS FURTHER ORDERED** that the parties' Notice of Stipulation [Doc. 75] concerning the remaining motions in limine filed by plaintiff [Doc. 67] and defendants [Doc. 61] is **incorporated herein by this reference**.

**IT IS FURTHER ORDERED** that the Case Management Order is **modified** to the extent that no pretrial conference will be held on January 26, 2017. [Doc. 20] The parties shall be prepared to begin trial of this matter on Monday, **January 30, 2017**, at **9:30 a.m.** in Courtroom 3-North.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  20th  day of January, 2017.